ROUGE EMPLOYEES CREDIT UNION v. WILSON.

1. BANKRUPTCY—STATUTES—FALSE FINANCIAL STATEMENTS—RELIANCE—INTENT TO DECEIVE.

An obligation incurred as the result of an alleged materially false financial statement in writing is discharged in bankruptcy unless said statement was made by the debtor with intent to deceive a creditor, and the creditor relied thereon in extending money or property on credit or granting an extension or renewal of credit previously given (11 USCA, § 35).

2. APPEAL AND ERROR—QUESTIONS OF FACT—NONJURY CASES.

The Court of Appeals does not substitute its judgment on questions of fact for that of the trial court sitting without a jury unless the findings of fact are clearly erroneous (GCR 1963, 517.1).

3. FRAUD—FINDINGS OF FACT—EVIDENCE—BANKRUPTCY.

Judgment for defendants husband and wife in plaintiff's action to recover sums loaned to defendants as the result of claimed reliance upon alleged falsely and fraudulently written financial statements made by defendant husband *held*, proper, where there was no evidence whatsoever with respect to one obligation which plaintiff claimed had been intentionally omitted from said financial statements, and defendant husband ex-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 9 Am Jur 2d, Bankruptcy § 201 *et seq.*, §§ 780–785.
[2] 5 Am Jur 2d, Appeal and Error § 839.

plained the failure to list the remaining obligations to the satisfaction of the trial judge who found that plaintiff failed to produce sufficient evidence to establish that its obligation was not discharged by defendant's bankruptcy, since the Court of Appeals does not reverse the findings of fact made by a trial court unless clearly erroneous (11 USCA, § 35; GCR 1963, 517.1).

Appeal from the Common Pleas Court of Detroit; Dingeman (Harry J., Jr.), J.   Submitted Division 1 December 14, 1966, at Detroit.   (Docket No. 1,537.) Decided June 13, 1967.

Complaint by Rouge Employees Credit Union, a Michigan financial corporation, against Henry Wilson and Naomi Wilson to recover sums loaned to defendants on the basis of alleged false and fraudulent financial statements.   Judgment for defendants.   Plaintiff appeals.   Affirmed.

*Ellsworth K. Hanlon,* for plaintiff.

*Harold J. Jackson,* for defendants.

BURNS, J.   Plaintiff filed suit in the common pleas court for the city of Detroit in an action of trespass on the case, alleging that it loaned money to Mr. Wilson on 3 separate occasions on the strength of false and fraudulent financial statements.

Defendants' answer denied the allegations, and as an affirmative defense Henry Wilson pleaded that the obligation to plaintiff had been discharged in bankruptcy.

On April 15, 1963, Mr. Wilson applied to the plaintiff for a loan of $80, which was granted. Prior to the repayment of the $80, he applied for a new loan which incorporated the prior $80.

In May of 1964, he applied for a third loan of $733.74, which also incorporated the balance due on the second loan. Plaintiff granted said loan which was secured by chattel mortgage on a 1958 Plymouth automobile and household furniture. Mr. Wilson also pledged his shares of stock in plaintiff's corporation as security. In addition, the defendant Henry Wilson executed a payroll deduction slip which authorized the employer to deduct from defendant's wages the payments due the plaintiff. Prior to granting the first loan, the plaintiff made a credit check on the applicant.

The record indicates that Mr. Wilson made no mention of a $200, 1957 Crown Furniture Company judgment when he applied for the first 2 loans. The defendant Henry Wilson testified that when he made his applications for these loans, he did not remember that Crown had an outstanding judgment against him and did not know of the judgment until informed by his attorney at the time bankruptcy schedules were being prepared. Evidently the credit bureau also overlooked the judgment, as plaintiff's witness testified that it was against its policy to make a loan to anyone with an outstanding judgment against his record.

When Mr. Wilson applied for the third loan he omitted several obligations which were subsequently listed in Henry Wilson's bankruptcy schedule: Attorneys Kopietz and Burau, $700; Commercial Credit Corporation, $700; Emco Insurance Company, $700; J. B. Hawes, $700; Columbia Record, $50; and, of course, Crown Furniture Company which has already been discussed. Plaintiff's witness testified it did not run a credit check on the defendants for the third loan as Henry Wilson had signed a payroll deduction slip and payments were being made.

Defendant Henry Wilson testified and explained the omissions as follows: The obligation to Attorneys Kopietz and Burau was not a direct obligation of the defendant. In 1953, Henry Wilson co-signed a note for a friend to enable him to purchase an automobile. Mr. Wilson was subsequently notified that the company was looking for his friend. It appears that a judgment was taken only against the friend. The listing of this obligation on the schedules filed when Mr. Wilson sought discharge in bankruptcy resulted from his attorney's suggestion that he list this obligation for future protection.

The Commercial Credit Corporation's obligation was not discussed on cross-examination, nor on direct examination by either party. The absence of any information concerning this obligation precludes us from discussing it further.

The obligations to Emco Insurance Company and Hawes were one and the same obligation. In December of 1963, defendant had an accident, and, at the time he made his third loan application no action had been taken against him, nor had any claim been made against him. When he filed his petition in bankruptcy he attempted to estimate any claim that might be filed against him for this contingent liability. Later this claim was settled for $176.

The trial court held, after a review of the briefs and the testimony, that plaintiff had not made out a case sufficient to negate the discharge in bankruptcy obtained by the defendant Henry Wilson. The common pleas judge did not decide whether plaintiff had a cause of action in assumpsit against Naomi Wilson.

The Federal bankruptcy act (11 USCA § 35) provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *

"(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive."

The statute expressly states that the creditor must have relied upon the statement and that the debtor must have made the statement with the intent to deceive the creditor.

The trial court held that the plaintiff had not proven the necessary elements to maintain its case. This Court does not substitute its judgment on questions of fact for that of the trial court sitting without a jury unless the findings of fact are clearly erroneous. GCR 1963, 517.1. Upon a review of the record we cannot say that the findings of the trial court were clearly erroneous.

The other questions raised by appellants have been considered and deemed without merit.

Judgment affirmed. Costs to appellees.

LESINSKI, C. J., and LEVIN, J., concurred.